# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 21-30213
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC J. RICHARD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-355-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Eric J. Richard entered a conditional guilty plea to possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), reserving the right to appeal the district court's denial of his motion to suppress the evidence seized during a traffic stop. He was sentenced to 71 months of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment and five years of supervised release. He now contends that the traffic stop was not justified at its inception because it was not supported by reasonable suspicion and that, even if the initial stop was justified, his detention was unreasonably prolonged.

On appeal from the denial of a motion to suppress evidence, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). The constitutionality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *E.g.*, *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004) (en banc). We first evaluate whether the stop was justified at its inception and then consider "whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." *Id.*

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *Lopez-Moreno*, 420 F.3d at 430. We have held "that reasonable suspicion exists when the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure." *Id.* In this case, the Louisiana state trooper who stopped Richard testified that he observed a truck traveling on the interstate at approximately seventy miles per hour, followed closely by Richard's vehicle, which was traveling at the same speed. The trooper testified that, based on his training and experience, Richard's vehicle, which was within two car lengths of the truck, was traveling at an unsafe distance. This prompted the trooper to pursue Richard and pull him over.

Though the trooper's dashboard camera was not activated in time to capture the traffic violation, his testimony, when viewed in the light most

No. 21-30213

favorable to the Government, was sufficient to establish that he had "an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred[.]" *Id.*; *see* LA. STAT. ANN. § 32:81(A) (prohibiting a motorist from following "another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway"). Accordingly, we conclude that the traffic stop was justified at its inception.

Under the second prong of *Terry*, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Brigham*, 382 F.3d at 507. However, "if additional reasonable suspicion arises in the course of the stop and before the initial purpose of the stop has been fulfilled, then the detention may continue until the new reasonable suspicion has been dispelled or confirmed." *Lopez-Moreno*, 420 F.3d at 431. Richard's attempt physically to distance himself from his vehicle, his clammy handshake, his untruthful and inconsistent responses regarding his itinerary and employment, and his use of an unregistered vehicle on a known drug trafficking corridor, when combined with the reasonable inferences drawn by the trooper based on his training and experience, were sufficient to arouse reasonable suspicion of criminal activity. *See id.* at 433. The trooper was permitted to ask questions unrelated to the traffic violation until that suspicion could be dispelled or confirmed, and he did so within seven to eight minutes after stopping Richard's vehicle. *See id.* at 431. Under these circumstances, Richard's detention was not unreasonably prolonged.

We agree with the district court that the traffic stop did not run afoul of the Fourth Amendment. The district court's judgment is AFFIRMED.